**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID O'NEILL,** | ) | |
| | ) | **CIVIL ACTION NO. 2:26-cv-01708-BHH** |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **NATIONAL HIGHWAY TRAFFIC** | ) | |
| **SAFETY ADMINISTRATION,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff John David O'Neill brings this suit against Defendant National Highway Traffic Safety Administration ("NHTSA") and states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. To import and sell vehicles in the United States, foreign automotive manufacturers are required "to designate an agent in the United States on whom service of administrative or judicial notices or process may be made." See 49 U.S.C. § 30164 and 49 C.F.R. 551.45.[1]

3. The foreign automotive manufacturers are required to submit these completed forms, designating their agent for service of process, to NHTSA.

---

[1] Attached as Exhibit 1 and Exhibit 2, respectively.

1

4.    "Clearly, under § 30164, the decision to import vehicles or motor vehicle equipment into the United States acts as a waiver of the requirements of service under the Hague Convention…" *Jones v. GMAX, LLC*, No. 1:15-CV-0083-WBH, 2016 WL 11408427, at *2 (N.D. Ga. Jan. 27, 2016)[2] (Disagreeing with the *Richardson v. Volswagenwerk, A.G.*[3] opinion and detailing that: (a) the meaning of the language in § 30164 "could be no more plain," (b) permitting service under § 30164 in "any civil action is not an absurd result," and (c) noting that "providing for streamlined service by private litigants suing automotive manufacturers for injuries caused by defective products may benefit the cause of increasing safety" which naturally advances the legislative intent of the National Traffic and Motor Vehicle Safety Act.)

5.    Through FOIA, O'Neill seeks copies of the completed forms and/or submissions identifying the current designated agents for service of process for the following twenty-nine foreign automotive manufacturers (listed alphabetically):

- Abarth & C. S.p.A.
- Alfa Romeo Automobiles S.p.A.
- Audi AG (aka Audi Aktiengesellschaft)
- Bentley Motors Limited
- BMW AG (aka Mayerische Motoren Werke AG)
- Dr. Ing. h.c. F. Porsche AG
- Fiat Automobiles S.p.A.
- Genesis Motor LLC
- Honda Motor Co., Ltd.
- Honda R&D Co., Ltd.
- Hyundai Motor Company
- Hyundai Motor Group
- Jaguar Land Rover PLC
- Kia Corporation
- Maserati S.p.A.
- Mazda Motor Corporation
- Mercedes-Benz Group AG (aka Daimler AG)
- Mitsubishi Motors Corporation

---

[2]  Attached as Exhibit 3.
[3]  *Richardson v. Volswagenwerk, A.G.*, 552 F. Supp. 73, 78 (W.D. Mo. 1982). Attached as Exhibit 4.

- Nissan Motor Co., Ltd.
- Peugeot S.A. (aka Groupe PSA)
- Renault S.A.
- Stellantis N.V.
- Subaru Corporation (fka Fuji Heavy Industries, Ltd.)
- Suzuki Motor Corporation
- Tata Motors
- Toyota Motor Corporation
- Toyota Motor Manufacturing Canada, Inc.
- Volkswagen AG (aka Volkswagent Aktiengesellschaft)
- Yamaha Motor Co., Ltd.

## JURISDICTION AND VENUE

6.     FOIA states that an "agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

7.     This court has subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8.     FOIA provides for venue in either: (1) the judicial district where the plaintiff resides or has her principal place of business, (2) the judicial district where the agency records are situated, or (3) the District of Columbia. 5 U.S.C. §552(a)(4)(B).

9.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10.     Plaintiff, John David O'Neill, is an attorney who frequently represents people injured by motor vehicle defects. He resides in Charleston County, South Carolina. His principal place of business is also in the District of South Carolina, Charleston Division at 28 Bridgeside Boulevard, Mount Pleasant, South Carolina.

11.     Defendant NHTSA is an agency within the meaning of 5 U.S.C. § 552(f)(1).

12.     Defendant NHTSA has possession and control of records meeting the description of records requested by O'Neill.

## **FACTUAL ALLEGATIONS**

13.     To import and sell motor vehicles in the United States, foreign automotive manufacturers are required "to designate an agent in the United States on whom service of administrative or judicial notices or process may be made." See 49 U.S.C. § 30164 and 49 C.F.R. 551.45.

14.     Although NHTSA receives documents naming service of process agents, it does not publish this information in any easily accessible format.

15.     If these agents' identities were easily accessible, individuals harmed by defective motor vehicles could promptly serve the foreign automotive manufacturer through its designated representative.

16.     Instead of efficient service upon the designated agent, people injured by defective motor vehicles are frequently required to perfect service through the Hague Convention on Service of Process. This method of service of process adds unnecessary time and expense to *both* the service process and the discovery process in civil litigation.

17.     In many cases, service of process via the Hague Convention on Service of Process requires a certified translation of the complaint and all attached discovery requests. This unnecessarily drives up the cost of litigation.

18.     In some instances, the service of process must also proceed through a "Central Authority" which can decide whether to allow for service at all.[4]  For example, the German Central Authority, routinely refuses to provide service on German automotive manufacturers where the complaint

---

[4]     See   e.g.,   Germany   –   Central   Authority   &   practical   information, https://www.hcch.net/en/states/authorities/details3/?aid=257 (last visited April 22, 2026).

4

contains a claim for punitive damages.

19.     Translating a complaint, hiring a process server for foreign service, proceeding through a Central Authority for the Hague Convention on Service of Process for service on a foreign automotive manufacturer, and waiting an extended time should not be necessary. In fact, it is only necessary because the agents for service of process are being concealed.

20.     As detailed by the Hon. Willis B. Hunt, Jr. in *Jones v. GMAX, LLC,* under § 30164, the decision to import vehicles or motor vehicle equipment into the United States acts as a waiver of the requirements of service under the Hague Convention on Service of Process. *Jones v. GMAX, LLC*, No. 1:15-CV-0083-WBH, 2016 WL 11408427, at *2 (N.D. Ga. Jan. 27, 2016).

21.     If service is perfected through the Hague Convention, the responding entities are granted additional time to answer the complaint and are granted additional time for each discovery response. This unnecessarily slows down all litigation involving foreign automotive manufacturers and impairs the right to a just, speedy, and inexpensive determination of the action.

## THE SUBJECT FOIA REQUEST

22.     On December 13, 2024, O'Neill submitted a FOIA request to NHTSA via NHTSA's online portal [5] seeking copies of the completed forms and/or submissions identifying the current designated agents for service of process for the twenty-nine foreign automotive manufacturers identified above.[6]

23.     On December 13, 2024, NHTSA confirmed receipt of the FOIA request.[7]

---

[5] NHTSA online portal can be located here: https://www.nhtsa.gov/form/foia. This is a website with a fillable form without the option to upload an attachment.

[6] Because this FOIA request was submitted through NHTSA's E-FOIA online portal and no copy of the submitted request was returned with the confirmation, O'Neill does not have an exact duplicate copy of the submitted request. However, prior to submitting the request, O'Neill created a word document to copy and paste the substance of the request. O'Neill actually copy-and-pasted the substance of that request into the fillable form of the NHTSA E-FOIA prior to submitting. A .pdf version of the word document is marked as Exhibit 5.

[7] Exhibit 6.

24.     This request is NHTSA-241213-004.

25.     O'Neill's FOIA Request reasonably described the records requested.

26.     O'Neill's FOIA Request was made in accordance with published rules.

27.     O'Neill's FOIA Request included an offer to pay the required fees.

28.     Plaintiff has repeatedly inquired with NHTSA concerning this request, including via an email on August 12, 2025, a telephone conversation with a FOIA representative on or about September 15, 2025, an email on September 15, 2025, an email on September 30, 2025, an email on April 6, 2026.

29.     To date, O'Neill has not received a substantive response of any sort, formal or informal.

30.     As a FOIA requester to whom NHTSA failed to respond within twenty-days, Plaintiff O'Neill has exhausted all administrative remedies prior to the filing of this Complaint pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

31.     No exceptional circumstances giving rise to additional time exist.

32.     Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

**VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 FOR FAILURE TO DISCLOSE RESPONSIVE RECORDS**

33.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

34.     Plaintiff O'Neill has a legal right to obtain such records, and no legitimate basis exists for Defendant NHTSA's failure to disclose them.

35.     Defendant NHTSA has not objected to the requests nor asserted any grounds or bases for failing to respond and produce the requested records.

36.     There are no applicable administrative remedies remaining for Plaintiff O'Neill to exhaust

with respect to NHTSA's failure to meet the statutory 20 business-day, or additional 10 business-day timeframe for a response to a FOIA request.

37.     Plaintiff is being harmed because of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be harmed unless Defendant NHTSA is compelled to conform its conduct to the requirements of the law.

38.     Defendant NHTSA's failure and refusal to obey its statutory obligations frustrates the essential purpose of the Freedom of Information Act, are flagrant, and without any legal excuse, and evidence a disregard for the fundamental rights the legislation in question is designed to protect. Plaintiff has been forced to pursue this action in Court to protect and exercise his rights to documents and information which are being withheld.

### **RELIEF REQUESTED**

**WHEREFORE**, plaintiff requests this Court:

(1) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(2) Declare Defendant NHTSA is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552;

(3) Order Defendant NHTSA to conduct a search for any and all responsive records to Plaintiff O'Neill's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request;

(4) Order Defendant NHTSA to produce, by a prompt date certain, any and all non-exempt records responsive to Plaintiff's FOIA request without redaction or withholding;

(5) Enjoin Defendant NHTSA from continuing to withhold any and all records responsive to the FOIA request;

(6) Grant Plaintiff O'Neill an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other and further relief as may deem just and proper.

Respectfully submitted this the 24th day of April, 2026.

**MOTLEY RICE LLC**

By.   */s/ John David O'Neill*
John David O'Neill, Esq. (Fed ID 12472)
Kevin R. Dean, Esq. (Fed ID 8046)
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Phone:   843.216.9000
Fax:   843.216.9450
jdoneill@motleyrice.com
kdean@motleyrice.com

April 24, 2026
Mount Pleasant, South Carolina

8